JOSEPH ENGLEMAN, Respondent, *v.* ADOLPH LONGHORST et al., Appellants, Respondents.

In an action to recover damages for alleged trespass, it appeared that the commissioner of highways of the town, on the written petition and consent of plaintiff, by a written order duly signed, altered the course of a highway, the change being wholly on plaintiff's lands. The petition, consent and order were duly filed and recorded in the office of the town clerk. Plaintiff opened the new road to the public and fenced the old one, and thereafter defendants and the public traveled over the new road for about eight months, when defendants entered upon the land formerly used for the old road and tore down plaintiff's fences. Defendants interposed as defenses: (1) that the highway was not legally altered, the town clerk having failed to post a copy of the order altering it on the door of the house where the town meeting was usually held; (2) that plaintiff did not, in writing, release all claim to damages by reason of the alteration as provided by the Revised Statutes (1 R. S. 515, § 64); (3) that the order did not recite that plaintiff had consented to the alteration and released his claim to damages. Defendants testified that they had frequently been at the house where the town meeting was usually held, but saw no copy of the order posted on the door. No one, however, testified a copy was not posted, and the town clerk was not called. *Held,* that when the commissioner delivered the order to the town clerk his duty was discharged, and the failure of the clerk to post a copy, if he did fail, did not render the order absolutely void and justify defendants in resorting to force to nullify its provisions; that the failure to execute and file a release of all claims to damages did not, under the circumstances, render the order void; and, therefore, the defense was not sustained, and plaintiff was entitled to recover.

(Argued April 15, 1890; decided May 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made February 1, 1887, which ordered a judgment in favor of plaintiff on a verdict directed at circuit, subject to the opinion of the General Term.

The nature of the action and the facts are sufficiently stated • in the opinion.

*T. F. Bush* for appellant. A continuous wrongful obstruction of a public highway is a nuisance which any citizen

may abate. (*Harlow* v. *Humiston*, 6 Cow. 189 ; *Lansing* v.
*Smith*, 8 id. 146 ; *Dygert* v. *Schenck*, 23 Wend. 446 ; *Driggs*
v. *Phillips*, 103 N. Y. 77 ; *Hart* v. *Mayor, etc.*, 9 Wend.
589 ; *Wetmore* v. *Tracy*, 14 id. 250 ; *Howard* v. *Robbins*,
1 Lans. 63.) The proceeding under the statute through which
the plaintiff asserts that the defendants were deprived of the
right to travel the old road, and that he acquired the right to
inclose the land and exclude them from it, is a proceeding
that affects substantial vested rights of property, and, therefore,
the statute must be strictly construed and every requirement
of it complied with ; nothing will be presumed. (*Jackson* v.
*Sheppard*, 7 Cow. 90 ; *Sharp* v. *Spier*, 4 Hill, 86 ; *Varrick*
v. *Tallman*, 2 Barb. 113 ; *Sharp* v. *Johnson*, 4 Hill, 99 ; *Cor-
win* v. *Merritt*, 3 Barb. 341 ; *Morris* v. *Williamson*, 35 id.
472; *Boughton* v. *City of Brooklyn*, 15 id. 395 ; *In re City
of Buffalo*, 78 N. Y. 366 ; *Bunner* v. *Eastman*, 50 Barb.
639 ; *Merritt* v. *Vil. of Porchester*, 71 N. Y. 309 ; *Powell*
v. *Tuttle*, 3 id. 396.) Where all other conditions exist neces-
sary to authorize the order, three things are necessary to com-
plete the statutory proceedings : 1. The order must be made
reciting the survey. 2. It must be filed and recorded in the
town clerk's office. 3. A copy of it must be posted in the
place designated. (1 R. S. chap. 16, ar⁺ 4, §§ 55, 56 ; *Sher-
wood* v. *Reade*, 7 Hill, 434; *Morse* v. *Williams*, 35 Barb.
475 ; *Sharp* v. *Spier*, 4 Hill, 79.) The failure to prove affirm-
atively the posting of a copy of the commissioner's order on
the door of the house where the town meeting was usually
held is fatal to the plaintiff's case. (*People* v. *Cortelyon*, 36
Barb. 164 ; Laws of 1847, chap. 455, § 8 ; *People* v. *Goodwin*,
5 N. Y. 573 ; *People* v. *Odle*, 54 id. 52 ; *People* v. *Harris*,
63 id. 391 ; *Rector* v. *Clark*, 78 id. 21 ; *Van Slyke* v. *Sheldon*,
9 Barb. 285 ; *Bloom* v. *Burdick*, 1 Hill, 130; *In re Ford*, 6
Lans. 94 ; *People* v. *Tallman*, 36 Barb. 222 ; *People* v. *Gray*,
49 Hun, 465 ; *Phillips* v. *Schumaker*, 10 id. 405 ; *Corwin* v.
*Merritt*, 3 Barb. 345 ; 1 R. S. 513, 518, §§ 55, 83, 84 ; *Hill*
v. *Draper*, 10 Barb. 454 ; *Jackson* v. *Sheppard*, 7 Cow. 90 ;
*Sharp* v. *Spier*, 4 Hill, 86 ; *Striker* v. *Kelly*, 2 Den. 330 ;

*Varick* v. *Tallman,* 2 Barb. 114; *Bunner* v. *Eastman,* 50 id. 643; *Boughton* v. *City of Brooklyn,* 15 id. 395; *Hoyt* v. *Dillon,* 19 id. 649; *Adams* v. *R. R. Co.,* 10 N. Y. 328; *Wheeler* v. *Mills,* 40 Barb. 647; *Jewell* v. *Van Steenburgh,* 58 N. Y. 92; *In re City of Buffalo,* 78 id. 366; *Tingue* v. *Vil. of Portchester,* 101 id. 288, 289; 2 R. S. 369, §§ 37, 40, 49; *Wood* v. *Morehouse,* 45 N. Y. 376; *Disoway* v. *Winant,* 34 Barb. 582; *Smith* v. *Ferris,* 6 Hun, 555; *Wiggins* ·v. *Tallman,* 11 Barb. 457; *Trustees* v. *Otis,* 37 id. 50; *Chapman* v. *Swan,* 65 id. 210; *Cook* v. *Harris,* 61 N. Y. 448; *People* v. *Lochfelm,* 102 id. 1; *Carpenter* v. *Given,* 35 Barb. 395; *McMorris* v. *Butler,* 51 id. 436.)

*John F. Anderson* for respondent. In the absence of proof to the contrary the law presumes that public officers charged with a public duty perform that duty rightfully. (*Wood* v. *Morehouse,* 45 N. Y. 369–376; *Jackson* v. *Chapin,* 13 id. 509–516; Broom's Leg. Max. 429, 847; *Clute* v. *Emerich,* 21 Hun, 122, 128; Penal Code, § 117.) The highway altered, both as to the part discontinued and that created by the alteration, was wholly on the lands of the plaintiff. He consented thereto and the commissioner of highways had jurisdiction to make the alteration, without the intervention of a jury. (R. S. 1212, 1238, 1239, §§ 1, 55, 56, 60; *Drake* v. *Rogers,* 3 Hill, 604, 608.) The defendants are chargeable with notice of the alteration. (*Mayer* v. *Hinman,* 13 N. Y. 180; 1 R. S. chap. 16, § 64; *Rogers* v. *Bradshaw,* 20 Johns. 735; *Wallace* v. *Kalenowefaki,* 19 Barb. 118; *Chapman* v. *Gates,* 54 N. Y. 133.) Section 64 of the Revised Statutes is merely directory and not mandatory. (*Marble* v. *Whitney,* 29 N. Y. 297.) The order of the commissioners was an alteration of the old Cochecton road, or road district No. 14, and not the discontinuance of an old road or the opening of a new road. (*People ex rel* v. *Jones,* 63 N. Y. 306–310; Laws of 1874, chap. 613, § 1; 1 R. S. chap. 16, § 60.) The commissioners had jurisdiction of the subject-matter, and the alteration having been duly made and carried into effect, the validity and regularity of his

proceeding will not be reviewed in a collateral action. (R. S. [7th ed.] 1246, § 84; *People ex rel.* v. *Jones,* 63 N. Y. 106; *Marble* v. *Whitney,* 28 id. 297, 307; *Porter* v. *Purdy,* 29 id. 106; *People ex rel.* v. *Horton,* 8 Hun, 357; *Ham* v. *Silver-nail,* 7 id. 33.)

Follett, Ch. J. Prior to September 26, 1883, a highway, known as the "Old Cochecton Road," extended from a highway south of plaintiff's farm, northerly through it to a point west of and near to his dwelling; thence the center line thereof extended north, thirty-four degrees east, five chains and fifty links; thence north, twenty-four degrees east, four chains and fifty links to a highway known as the "Narrowsburg Road;" thence across the last mentioned highway and beyond in a northerly direction. On the date mentioned, the commissioner of highways, on the written petition and consent of the plaintiff, by a written order duly signed, altered the course of that part of the old Cochocton road extending from the plaintiff's house to the Narrowsburg road, so that its center line ran north, fifty-seven degrees thirty minutes west, six chains and forty links to the Narrowsburg road, entering it a few rods southwesterly of the junction of the two roads before the alteration. The change was wholly on the land of the plaintiff. October 15, 1883, the petition, consent and order were duly filed and recorded in the office of the clerk of the town. Thus far the proceedings were strictly in accordance with the statutes made and provided for such cases (1 R. S. 501, § 1; 513, §§ 54 and 55), except the defendants assert that the proceedings were defective because of the failure of the plaintiff to execute and file a release of all claims to damages pursuant to 1 R. S. 515, § 64, which question will be hereinafter considered. Between October 15 and December 1, 1883, the plaintiff opened the new road to the public and fenced up the old one, and thereafter these defendants and the public traveled over the altered highway until August 13, 1884, when defendants, pursuant to a preconceived plan, entered on the land formerly used for the old road and tore

down the plaintiff's fences, for which act they were sued in trespass. Before this date the defendants had heard that the commissioner had altered the highway, but neither had seen the order. This action of trespass was brought to recover damages sustained by the plaintiff by reason of the acts of the defendants. The defendants interposed as defenses: (1) that the highway was not legally altered because the town clerk failed to post a copy of the order altering it on the door of the house where the town meeting of the town was usually held; (2) because the plaintiff did not, in writing, release all claim to damages by reason of the alteration, pursuant to § 64, 1 R. S. 515; (3) because the order did not recite that the plaintiff had consented to the alteration and released his claim to damages.

It appears that for several months before the defendants committed the alleged trespass they knew that the line of the highway had been changed, had traveled over the new part, and had heard that the commissioner had made the alteration, which they saw. They testified that they had been frequently at the house where the town meeting of the town was usually held, but saw no copy of the commissioner's order posted on the door of the house. No person testified that a copy of the order was not posted, and the town clerk was not called. When the commissioner delivered the order to the town clerk his duty was discharged, and the failure of the clerk to post a copy, if he did fail, did not render the order absolutely void and justify the defendants in resorting to force to nullify its provisions. It is not asserted that the plaintiff or the commissioner had any part in the failure of the clerk, if he did fail, or that either acted in bad faith. Neither is the order void by reason of the failure of the plaintiff to execute and file a release of all claims to damages pursuant to 1 R. S. 515, § 64. The plaintiff petitioned for and consented to the alteration, which was wholly upon his farm, and he personally closed the part of the road which was abandoned, opened and worked the new part. Under these facts the General Term well held that the lack of a formal release did not render the order void,

and it follows that the absence of the release not invalidating the order, that the failure to recite in it that the damages had been released would not have that effect. Whether this order might or might not have been set aside for the asserted irregularities by some proceeding other than by appeal, we are not called upon to consider. But we are of the opinion that it was sufficient to protect the plaintiff's property from invasion by persons having no rights except those common to the public.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.